UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD EAST,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN ROBERT DOOLEY, WARDEN BRENT FLUKE, PA BRAD ADAMS, PA KARISSA ZIMMER, RN DAYNA KLAWITTER, LPN BRITTANY HUBER, CPL. AHRENS, CPL. BARTA, CO MASTALIR, JANE DOES 1 AND 2 AND 3, OTHER UNKNOWN PERSONS AND ENTITIES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:19-CV-04126-RAL<br><br>ORDER SCREENING CASE, GRANTING IN FORMA PAUPERIS STATUS, AND DENYING APPOINTMENT OF COUNSEL |

Plaintiff Donald East is an inmate at Mike Durfee State Prison in Springfield, South Dakota. East has litigated prior claims under 42 U.S.C. § 1983 concerning his allegedly constitutionally deficient care while an inmate at Minnehaha County Jail and then Mike Durfee State Prison. East v. Minnehaha County, 16-CV-4122-RAL. In that prior case, this Court appointed counsel for East and ultimately granted summary judgment for various defendants. That case is on appeal to the Eighth Circuit.

East now files a new Complaint under 42 U.S.C. § 1983, alleging that various individuals at Mike Durfee State Prison violated his Eighth Amendment rights with respect to "the medical care or lack thereof he received, from August 4, 2017 to August 9, 2017, for extreme pain and

1

Tubulointerstitial nephritis, May 26, 2018 to July 30, 2018, for staph/strep infection, and January 17, 2019 to present, for foot, back, hand/wrist injuries, including sexual abuse." Doc. 1 at ¶ 18. The "sexual abuse" alleged by East appears to stem from an incident where East was taken out of the prison to see a private doctor, needed to use the toilet, was not uncuffed, could not pull his pants up, and received only delayed assistance from any guard in doing so, which East describes in more striking detail in his Complaint.

With his Complaint, East filed several motions, including a Motion for Approval to Exceed Page/Word Limitation for Briefs. Doc. 2. East's Complaint is long and detailed, but the Local Rule limiting page or words applies only to briefs and not to Complaints. East's Complaint appropriately is on file.

East next filed a Motion for Appointment of Counsel. Doc. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. Id. The facts of East's claims are lengthy but not complex. East's Complaint is well written, clear, and comprehensive. East has the benefit of a lengthy Opinion and Order from this Court in his prior case, so he knows the applicable law and legal standards. That is evident from his well-written Complaint.

East then moves to proceed in forma pauperis and files a Prisoner Trust Account Report. Docs. 4, 5. East had paid the $350 filing fee through a third party, so he has no further obligation for the filing fee. East's Prison Trust Account Report reveals that he is indigent, and this Court in the prior case allowed East to proceed in forma pauperis. East's IFP motion will be granted.

This Court has no obligation to screen East's pro se complaint under 28 U.S.C. § 1915A. At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Schriener v. Quicken Loans, Inc., 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." Abdullah v. Minnesota, 261 Fed. App'x 926, 927 (8th Cir. 2008).

Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[] to state a claim on which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." See also Onstad v. Wilkinson, 534 F. App'x 581, 582 (8th Cir. 2013).

East alleges that Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. "[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." Letterman v. Does, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, East must show "a substantial risk of

serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm. . . ." Id. at 861–62 (citing Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)). East's Complaint alleges a substantially serious risk of harm.

The deliberate indifference element of this claim "has two components: an actor must 'know[] of and disregard[] an excessive risk to inmate health or safety.'" Id. at 862 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). East alleges that Defendants knew about his conditions and failed to give him adequate care. Doc. 1 ¶¶ 10–11. Taking East's allegations as true as the Court must do on initial screening, East states claims under the Eighth Amendment.

Accordingly, it is hereby

ORDERED as follows:

1. East's Eighth Amendment claims survive initial screening under 28 U.S.C. § 1915A.

2. East's Motion for Approval to Exceed Page/Word Limitation, Doc. 2, is denied as moot because such limitation does not apply to his Complaint.

3. East's Motion for Appointment of Counsel, Doc. 3, is denied.

4. East's Motion to Proceed In Forma Pauperis, Doc. 4, is granted though his filing fee has been paid in full.

5. The Clerk of Court is directed to send blank summons forms to East so he may cause the summons and complaint to be served upon the remaining Defendants.

6. The United States Marshal Service shall serve a copy of the Complaint, Doc. 1, Summons, and this Order upon the above-listed Defendants. All costs of service shall be advanced by the United States.

7. Defendant will serve and file an answer or responsive pleading to the remaining claims in the Complaint on or before 21 days following the date of service, unless this Court, on motion, grants a longer period of time within which to answer.

8. East will serve upon Defendants or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the Clerk of Court a certificate stating the date and that a true and correct copy of any document was mailed to Defendants or their counsel. Defense counsel may notify East if they waive this requirement and choose to receive pleadings strictly through the CM/ECF system.

DATED this 26th day of August, 2019.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE