UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD EAST,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN ROBERT DOOLEY, WARDEN BRENT FLUKE, PA BRAD ADAMS, PA KARISSA ZIMMER, RN DAYNA KLAWITTER, LPN BRITTANY HUBER, CPL. AHRENS, CPL. BARTA, CO MASTALIR, JANE DOES 1 AND 2 AND 3, OTHER UNKNOWN PERSONS AND ENTITIES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 4:19-CV-04126-RAL<br><br>ORDER ON CERTAIN PENDING MOTIONS |

Plaintiff Donald East is an inmate at Mike Durfee State Prison in Springfield, South Dakota. East has litigated prior claims under 42 U.S.C. § 1983 concerning his allegedly constitutionally deficient care while an inmate at Minnehaha County Jail and then Mike Durfee State Prison. East v. Minnehaha County, 16-CV-4122-RAL. In that prior case, this Court appointed counsel for East and ultimately granted summary judgment for various defendants. That case is on appeal to the Eighth Circuit.

In this case, East's complaint under 42 U.S.C. § 1983 alleges that various individuals at Mike Durfee State Prison violated his Eighth Amendment rights with respect to "the medical care or lack thereof he received, from August 4, 2017 to August 9, 2017, for extreme pain and

1

Tubulointerstitial nephritis, May 26, 2018 to July 30, 2018, for staph/strep infection, and January 17, 2019 to present, for foot, back, hand/wrist injuries, including sexual abuse." Doc. 1 at ¶ 18. The "sexual abuse" alleged by East appears to stem from an incident where East was taken out of the prison to see a private doctor, needed to use the toilet, was not uncuffed, could not pull his pants up, and received only delayed assistance from any guard in doing so, which East describes in more striking detail in his Complaint.

There are a number of pending motions before this Court, including Defendant Brad Adams' Motion to Dismiss, Doc. 19, and East's Motion for Summary Judgment on his claim against Defendant Brad Adams, Doc. 26. This Court has those motions under advisement and will address them later.

In response to East's Motion for Summary Judgment, Defendant Adams has filed a Motion to Stay Deadline to Respond, Doc. 30, noting that East's motion becomes moot if this Court were to grant Adams' Motion to Dismiss. East opposes Adams' motion, Doc. 31, but without question a grant of Adams' Motion to Dismiss renders moot East's Motion for Summary Judgment on the claim against Adams.

East had filed a Motion for Appointment of Counsel with his Complaint, Doc. 3, which this Court denied, Doc. 7, and denied anew East's request to reconsider, Docs. 11, 12. East has filed another Motion to Appoint Counsel. Doc. 23. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. Id. The facts of East's claims are lengthy but not complex. East's Complaint and motion papers are well written, clear,

and comprehensive. East has the benefit of a lengthy Opinion and Order from this Court in his prior case, so he knows the applicable law and legal standards. This Court once again denies East's motion to appoint counsel.

East also has filed "Permission to Proceed into Discovery." Doc. 32. The non-Adams Defendants, collectively the "State Defendants" have responded with a Motion for Protective Order, Doc. 33, advising that they intend to file a motion to dismiss based on their qualified immunity affirmative defense and asking for this Court to forestall discovery until the Court rules on such a motion. Doc. 34. Indeed, the qualified immunity doctrine has as its "driving force" "a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987)). The State Defendants have not yet filed such a motion to dismiss, but have filed a Motion to Exceed Page/Word Limitations, Doc. 38, contemplating a motion on the qualified immunity grounds. For good cause, it is hereby

ORDERED that Adams' Motion to Stay Deadline to Respond, Doc. 30, is granted and that Adams' deadline to respond to East's Motion for Summary Judgment against him is enlarged to 28 days after this Court denies, if it were to deny, Adams' Motion to Dismiss. It is further

ORDERED that East's Motion to Appoint Counsel, Doc. 23, and motion to conduct discovery at this time, Doc. 32, are denied. It is further

ORDERED that the State Defendants' motions for protective order against discovery prior to this Court ruling on qualified immunity, Doc. 33, and for leave to file brief exceeding page/word limit, Doc. 38, both are granted. It is finally

ORDERED that the State Defendants forthwith file their motion regarding judgment on the qualified immunity defense and that East's response to that motion may exceed the page/word limit without the need for East to file a motion to so request.

DATED this 3rd day of February, 2020.

BY THE COURT:

/s/ Roberto A. Lange
ROBERTO A. LANGE
CHIEF JUDGE