UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD EAST,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN ROBERT DOOLEY, WARDEN BRENT FLUKE, PA BRAD ADAMS, PA KARISSA ZIMMER, RN DAYNA KLAWITTER, LPN BRITTANY HUBER, CPL. AHRENS, CPL. BARTA, CO MASTALIR, JANE DOES 1 AND 2 AND 3, OTHER UNKNOWN PERSONS AND ENTITIES, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES; AND LPN JANELLE BASTEMEYER,<br><br>　　　　　　　Defendants. | 4:19-CV-04126-RAL<br><br><br>ORDER ALLOWING PLAINTIFF TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Plaintiff Donald East filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc.1. This Court granted East's motion to proceed in forma pauperis and has denied East's repeated motions for appointment of counsel and motion for reconsideration. See Docs. 3, 7, 9, 12, 23, 39, 62, and 77. East filed a notice of interlocutory appeal challenging this Court's Order, Doc. 77. Doc. 86.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " Id. (quoting McGore v.

Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (citing Newlin v. Helman, 123 F.3d 429, 432 (7th Cir. 1997)).

In Henderson, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that East's interlocutory appeal despite being of dubious merit is taken in good faith. Because East's prisoner trust account, Doc. 5, shows an average monthly deposit of $171.46 and an average monthly balance of $84.98, the court finds that § 1915(b)(1) applies but that East has the wherewithal to pay an initial partial filing fee of $34.29 (20 percent of his average monthly deposits).

Accordingly, it is

ORDERED that East may proceed in forma pauperis with the interlocutory appeal and must pay an initial partial filing fee of $34.29 to the Clerk of Courts. It is finally

ORDERED that the institution having custody of East is directed that whenever the amount in East's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED June 5th, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE